# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORRIE K. GROFF** | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **KILOLO KIJAKAZI,**[1] **Comm. of** | : | NO. 20-cv-06040-RAL |
| **Social Security,** | : | |
|     Defendant. | : | |

**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**                                          November 17, 2022

## MEMORANDUM OPINION

The Commissioner of Social Security, through the decision of an Administrative Law Judge ("ALJ"), denied Ms. Groff's application for disability insurance benefits ("DIB"). Because I find no error, I will affirm the ALJ's decision.

## PROCEDURAL HISTORY

On January 3, 2018, Plaintiff filed an application for DIB, alleging disability beginning June 19, 2017, due to impairments including asthma, arthritis, fibromyalgia, carpal tunnel syndrome, and depression. R. 52, 137. The state agency denied the application. R. 51-60. Ms. Groff requested and received an administrative hearing, held September 19, 2019, at which Ms. Groff (represented by counsel) and a vocational expert testified. R. 32-50. The ALJ issued a decision finding that Ms. Groff retained the residual functional capacity ("RFC") to perform light work, with some further qualifications, including the freedom to alternate between sitting and standing every

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is therefore substituted for Andrew Saul as Defendant pursuant Federal Rule of Civil Procedure 25(d). No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

thirty minutes as needed, never climbing ladders, kneeling, or crawling, only occasionally climbing stairs, and frequently (but no more often) feeling and manipulating bilaterally. R. 20-24. Relying on the vocational expert's testimony, R. 47-48, the ALJ determined that Ms. Groff was unable to perform any of her past relevant work but based on the vocational expert's testimony determined that she could perform other jobs that existed in significant numbers in the national economy, among them bakery worker, cashier, and small parts assembler. R. 24-25, 48-49. Accordingly, the ALJ concluded that Ms. Groff was not disabled. R. 25-26. Ms. Groff appealed, but the Appeals Council affirmed the ALJ's decision. R. 1-6. Ms. Groff then timely filed a request for review in this court. Doc. No. 1.

## FACTUAL BACKGROUND

### A. The Claimant's Background

Ms. Groff was 47 years old on the date of her alleged disability onset, making her a "younger person" under the regulations. R. 24. She graduated from high school and can communicate in English. *Id.*; R. 35-36. Ms. Groff had past relevant work as a front desk clerk, a hospital cleaner, and an industrial cleaner, which qualified as substantial gainful activity. R. 24.

### B. The ALJ's Decision

The ALJ found that Ms. Groff was not eligible for DBI because she has not been under a disability, as defined by the Social Security Act. R. 25. In reaching this decision, the ALJ made the following findings of fact and conclusions of law pursuant to Social Security's five-step sequential evaluation process.[2]

---

[2] An ALJ evaluates each case using a sequential process until a finding of "disabled" or "not disabled" is reached. The sequence requires an ALJ to assess whether a claimant: (1) is engaging in substantial gainful activity; (2) has a severe "medically determinable" physical or mental impairment or combination of

2

At step one, the ALJ concluded that Ms. Groff had not engaged in substantial gainful activity ("SGA") since June 19, 2017, the alleged onset date. R. 17. At step two, the ALJ determined that Ms. Groff had the following severe impairments: obesity, degenerative disc disease of the lumbar spine, fibromyalgia, carpal tunnel syndrome, right knee arthritis, and obstructive sleep apnea. *Id*. The ALJ noted that other conditions found in the record do not qualify as "severe." *Id*. Ms. Groff does not dispute the ALJ's analysis at steps one and two. At step three, the ALJ compared Ms. Groff's impediments to those contained in the Social Security Listing of Impairments ("listing").[3] The ALJ found that Ms. Groff did not meet any listing criteria, R. 19.

Prior to undertaking his step four analysis, the ALJ assessed Ms. Groff's residual functional capacity ("RFC"), or "the most [Ms. Groff] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). The ALJ found that Ms. Groff had the RFC to perform light work, as defined in 20 C.F.R. 404.1567(b),[4] except that she must be free to

---

impairments; (3) has an impairment or combination of impairments that meet or equal the criteria listed in the social security regulations and mandate a finding of disability; (4) has the residual functional capacity to perform the requirements of her past relevant work, if any; and (5) is able to perform any other work in the national economy, taking into consideration her residual functional capacity, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v).

[3] The regulations contain a series of "listings" that describe symptomology related to various impairments. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 1. If a claimant's documented symptoms meet or equal one of the impairments, "the claimant is conclusively presumed to be disabled." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). If not, the sequential evaluation continues to step four, where the ALJ determines whether the impairments assessed at step two preclude the claimant from performing any relevant work the claimant may have performed in the past. *Id*.

[4] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b). *See also* SSR 83-10.

alternate between sitting and standing every thirty minutes as needed; she could never climb ladders, kneel, or crawl; she could only occasionally climb stairs; and she is limited to frequent bilateral fine manipulation and feeling. R. 20-24. At step four, the ALJ found that Ms. Groff does not have the RFC to perform relevant past work. R. 24. At step five, based on the RFC and testimony from a vocational expert, the ALJ determined that Ms. Groff would be able to perform the requirements of representative occupations such as bakery worker cashier, and small products assembler. R. 25. Because these jobs exist in significant numbers in the national economy, the ALJ concluded that Ms. Groff was not disabled. *Id.*

Ms. Groff contends the ALJ erred by not applying the listings to find that she was disabled, by finding that she could perform light work, rather than applying the "medical-vocational grids," Rule 201.12, to find she was disabled. Plaintiff's Brief ("Pl. Br.") at 9.

## STANDARDS OF REVIEW

My review of the ALJ's decision is deferential. I am bound by his findings of fact to the extent those findings are supported by substantial evidence in the record. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). Accordingly, my review of the ALJ's findings of fact is limited to determining whether substantial evidence supports the ALJ's decision. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). If the ALJ's decision is supported by substantial evidence, her disability determination must be upheld. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005); *see also* 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). I must rely on the record developed during the administrative proceedings along with the pleadings in making my determination. *See* 42 U.S.C. § 405(g). I may not weigh the evidence or substitute my own conclusions for those of the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

The ALJ's legal conclusions and application of legal principles are subject to plenary review. *See Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995). I must determine whether the ALJ applied the proper legal standards in reaching the decision. *See Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984). Accordingly, I can overturn an ALJ's decision based on an incorrect application of a legal standard even where I find that the decision otherwise is supported by substantial evidence. *Payton v. Barnhart*, 416 F. Supp. 2d 385, 387 (E.D. Pa. 2006) (citing *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983)).

## DISCUSSION

### A. The ALJ did not err by deciding that Ms. Groff did not qualify as disabled under a listing.

Ms. Groff claims the ALJ should have found her disabled under Listing 1.03[5] or a combination of listings. Pl. Br. at 9. I disagree. Ms. Groff's brief lacks an explanation

---

[5] In the conclusion to her brief, Ms. Groff argues that the ALJ should have "explored" Listing 1.02. Pl. Br. at 15. I assume this is a typo, and she meant to say Listing 1.03.

5

from the record of why Listing 1.03 – or some other, unspecified listing - might be satisfied in her case. The brief merely asserts that this is so. Pl. Br. 9-10.

It is not enough to simply allege that the ALJ should have considered a listing. A plaintiff must "identify specific avenues for meeting or equaling specific listings that the ALJ should have considered but did not" and offer an "explanation of how further analysis could have affected the outcome" of the decision. *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016).

That did not happen here. Instead, Ms. Groff "complains in vague terms that certain impairments were not properly compared, separately and in combination, to the listings." *Id.* The sum of Ms. Groff's argument about Listing 1.03 consists of this: "[i]t is submitted that the Administrative Law Judge should have also evaluated this Claimant using the Medical Listing at 1.03, related to reconstructive surgery with inability to ambulate effectively and return to ambulation did not occur within twelve (12) months of onset." Pl. Br. at 9. There is no analysis of Listing 1.03's requirements, and no identification by citation to the record of the evidence that might meet the listing's requirements.

The requirement that a plaintiff explain specifically how and why a listing applies arises from the requirement that a plaintiff demonstrate that a supposed error is harmful. *See Shinseki v. Sanders,* 556 U.S. 396, 413 (2009) (plaintiff must explain how the error "to which he points could have made any difference."). As in *Hollman*, the plaintiff here has supplied "no reason to conclude that the deficiency in analysis was harmful to [plaintiff's] claim." *Hollman*, 639 F. App'x at 814; *see Rutherford v. Barnhart,* 399 F.3d 546, 553 (3d Cir.2005) ("Rutherford has not specified how that factor would affect the five-step analysis undertaken by the ALJ"); *see also Woodson v.*

6

*Comm'r Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016) ("Woodson only says in very vague terms that an actual discussion of his impairments would lead to the conclusion that he was disabled at step three. This is unconvincing."). The absence in Ms. Groff's brief of page references to the record is fatal to her claim. *See, e.g.*, Pl. Br. at 8-12, which as far as I can tell is utterly bereft of any page references to the record.

Without aid I have reviewed Listing 1.03[6] and the record before me and find that there is evidence, which if credited, could support a finding by the ALJ that Listing 1.03 (now 1.17) applies and provides a basis for a disability determination.

Listing 1.03 (now 1.17) has three elements that must be proven by a claimant such as Ms. Groff:

> A. History of reconstructive surgery or surgical arthrodesis of a major weight-bearing joint.
>
> AND
>
> B. Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months.
>
> AND
>
> C. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)).

https://www.federalregister.gov/documents/2020/12/03/2020-25250/revised-medical-criteria-for-evaluating-musculoskeletal-disorders

Dr. William Bear reported on September 10, 2019, that Ms. Groff had her right knee replaced on June 20, 2018, which constituted reconstructive surgery of a major

---

[6] "Effective April 2, 2021, the Social Security Administration revised the listings for evaluating musculoskeletal disorders. Listing 1.02 is now Listing 1.18, while Listing 1.03 is now Listing 1.17. *Revised Medical Criteria for Evaluating Musculoskeletal Disorders*, FED. REG. (Dec. 3, 2020), https://www.govinfo.gov/content/pkg/FR-2020-12-03/pdf/2020-25250.pdf." *Charles K. v. Kijakazi*, 2022 WL 855008, at *4 n.3 (S.D. Ind. 2022).

weight bearing joint. R. 1151. This appears to satisfy part "A" of Listing 1.03. Dr. Bear reported that Ms. Groff was unable to ambulate effectively, that is, she was unable to walk a block at a reasonable pace on rough or uneven surfaces, unable to use public transportation, such as a bus, unable to carry out routine ambulatory activities including grocery and clothes shopping, and unable to climb several stairs at a reasonable pace with the use of only a single handrail. *Id*. This appears to satisfy part "B" of Listing 1.03. Dr. Bear also reported that Ms. Groff needed a "cane/rolling walker/or sometimes a wheelchair, for long distances." *Id*. This might satisfy part "C" of the Listing 1.03. Dr. Bear's treatment notes explain that he has followed Ms. Groff for some time, and that her post-surgical condition worsened after a car accident July 16, 2019. R. 1153.

Dr. Bear's report is evidence from which the ALJ might conclude that Ms. Groff's condition meets the three elements of Listing 1.17 (formerly 1.03). But the ALJ explained his reasons for discounting Dr. Bear's report, elsewhere in the ALJ's opinion:

> William Bear and Dr. Mark Mason provided an opinion on September 10, 2019 (Exhibit 21F). Dr. Mason[7] opined the claimant could not walk a block at a reasonable place, use public transport, go grocery shopping or climb several stairs. Additionally, the claimant requires use of a cane, rolling walker or sometimes a wheelchair for long distances. This opinion is not supported or persuasive as the record shows that the claimant was advised to use conservative measures with ice over the knee and on July 29, 2019 the claimant's symptoms were opined to resolve over the next few weeks (Exhibit 21F, page 4). Additionally, the claimant did have some tenderness but only minimal effusion which is not consistent with the extreme limitations assessed in this opinion.

R. 24. I find that the ALJ's assessment of Dr. Bear's opinion is reasonable. In her testimony Ms. Groff stated she could walk upstairs, walk a mile before needing to sit down, and stand in one position for 30 minutes before sitting down. R. 39-40. There

---

[7] The ALJ refers to the report as coming from Dr. Mason. R. 24. Drs. Bear and Mason are apparently in practice together. R. 1152. Dr. Bear signed the report of September 10, 2019, on behalf of the practice.

was no mention at all of her using a cane, a crutch, a walker, or a wheelchair. R. 39-46. Because the ALJ reasonably explained the lack of weight he gave Dr. Bear's report, the failure to consider Listing 1.03 was harmless, if it was error at all.

Ms. Groff's discussion of other listings is not helpful. She merely says that

> It is submitted that the combined effects of the Claimant's osteoarthritis, rheumatoid arthritis, degenerative disc disease, fibromyalgia, obesity, and carpal tunnel syndrome had a significant impact on the Claimant's ability to work. Claimant contends that the cumulative effect of all these musculoskeletal systems produced a combination of medical issues which should be considered to meet or equal a 1.00 listing.

Pl. Br. at 10-11. But the ALJ considered and rejected a variety of section 1.00 listings – 1.02, 1.04 and 1.08. R. 19-20. The ALJ also considered the impact of Ms. Groff's obesity when evaluating whether a listing might apply. *Id.* at 20. Without more guidance from Ms. Groff on what the ALJ's error might have been, I discern no error, and certainly no harmful error.

### B. The ALJ did not err by determining that Ms. Groff could perform light work.

The ALJ determined that Ms. Groff retained the residual functional capacity to perform light work, with further qualifications: alternate between sitting and standing every thirty minutes as needed; never climb ladders, kneel, or crawl; only occasionally climb stairs; and frequently (but no more often) feel and manipulate bilaterally. R. 20-24. The vocational expert testified that there were jobs in the national economy that would accommodate this RFC.[8] R. 48-49.

Ms. Groff contends that there was no substantial evidence supporting the ALJ's determination that she could perform light work, with additional limitations. Pl. Br. at

---

[8] The Commissioner argues that the hypothetical question was correct. Comm. Resp. at 12-13. I agree that it accurately reflected the RFC and that there was no error in the RFC. Consequently, I need not address the hypothetical question separately.

9

11. Ms. Groff fails to cite to a single piece of evidence from the record to support her argument. *Id.* at 11-12. Instead, she quotes the definition of light work and asserts it was not met. *Id.* at 12. Ms. Groff argues that she should have been limited to sedentary work, which under Medical-Vocational Guidelines, Rule 201.12, would have resulted in a disability determination, given her age, education, and previous work experience. Pl. Br. at 11-12; *see* Appendix 2 to Subpart P of 20 C.F.R 404, Table 1: Medical-Vocational Guidelines, at https://www.ssa.gov/OP_Home/cfr20/404/404-app-p02.htm.

It is necessary to demonstrate, not just assert, that the ALJ erred. Demonstration calls for careful citation to the evidence, not just a conclusory assertion that leaves the judge to search through 1,000 pages of records to see if the assertion is so. *See United States v. Shulick*, 18 F.4th 91, 113 (3d Cir. 2021) ("Judges are not like pigs, hunting for truffles buried in the record.") (quoting *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (internal quotation marks and citation omitted)). I have reviewed the record and find no error.

I am satisfied that the ALJ properly considered the evidence when determining the RFC. He thoroughly reviewed the medical record, considered the evidence from various health care providers, considered the testimony and other evidence of record, and explained his reasons for the RFC, which accounted for Ms. Groff's impairments. R. 20-24. The Commissioner recounts the record evidence that supports the ALJ's decision. Comm. Resp. at 8-12. It is substantial.

## CONCLUSION

Because I find no error, I will affirm the decision of the ALJ and dismiss the appeal. I will enter an Order and Judgment accordingly.

BY THE COURT:


*s/Richard A. Lloret*
**RICHARD A. LLORET**
**UNITED STATES MAGISTRATE JUDGE**